Nolan, J.
(concurring in part). I concur for reversal, but
dissent from the determination that the writ should be dismissed and vote to remit the matter to the Special Term for further determination.
The surrender of respondent’s child to the Society constituted an act of abandonment, as a result of which the Society had the child in its custody and under its control and could have produced him, in obedience tó the writ, upon the hearing before the Special Term. (Social Welfare Law, § 383, subd. 2.) No fraud ivas practiced by the Society, and respondent fully understood the nature and effect of the instrument of surrender. The abandonment, however, was not irrevocable and respondent was not thereby barred from applying to the court to restore her child and to permit her to resume the performance of her parental duties. (Cf. Matter of Cohen, 155 Misc. 202; Matter of Anonymous, 178 Misc. 142.) I see no distinction, in principle, betAveen the effect of a surrender to an individual, and that of a surrender to an authorized agency. The custody of a destitute or dependent child, committed to an authorized agency, is not thereby placed beyond the pale of the equitable jurisdiction of the Supreme Court, nor may such jurisdiction be nullified by any instrument in writing, however authenicated, or limited by legislation, however explicit. (People ex rel. Our Lady of Victory I. Home v. Venniro, 126 Misc. 135, and cases cited.) The question to be determined in this proceeding is avIiether the , best interests of the child will be promoted by granting the relief applied for, and the decision of that question, must rest, to a great extent, on the ability of the parent, both moral and finan- *676 ' cial, to discharge her duty in the premises. (Matter of Knowack, 158 N. Y. 482.) The Special Term correctly decided that, it had power, regardless of the instrument of surrender, to make the order appealed from. No express determination was made, however, that the welfare of the child would be better served by such disposition. The evidence adduced does not necessarily lead to a contrary conclusion. If respondent’s testimony is credited, she surrendered her child at a time when she believed that she was about to undergo a serious surgical operation, and would be prevented by her consequent disability from giving him adequate care. When she learned that the operation would not be necessary, and that she could continue to earn a livelihood, she sought to revoke the surrender and to regain the custody which she had surrendered to the Society. She has an earning capacity of upwards of $50 per week, and her brother, who lives with her and who has always contributed to her support, has testified that he will continue to do so as long as his assistance will be required. The record does not disclose that respondent is not adequately caring for her daughter, the child of a former marriage, nor is there adequate proof therein that the child whose custody is the subject of this proceeding, if left in the custody of the Society will have a happy home, or receive a thorough education, particularly if not adopted by the proposed foster parents. Since the Special Term, which saw and heard the witnesses, has not expressly decided the question presented, the matter should be remitted for such determination; and, under the circumstances disclosed by the record, an opportunity should be given the parties to adduce such additional proof as may be available so that all the pertinent facts, including respondent’s fitness, competence and ability to maintain, support and educate the child, and the environment in which he will find himself, may be determined.
Carswell, J., concurs with Hagabty, J.; Adel, J., concurs for reversal and dismissal, and concurs for reversal of finding and substitution of new finding, with memorandum; Nolan, J., concurs for reversal of the order but dissents as to dismissal of the writ and votes to remit the matter to Special Term for further determination, with opinion in which Lewis, P. J., concurs.
, Order sustaining a writ of habeas corpus reversed on the law and the facts, without costs, and the writ dismissed, without costs. The finding that respondent was not fully aware of the legal significance of the surrender agreement is reversed. This court finds that the nature of the surrender agreement was fully tknown by her at the time she executed it. [See post, p. 985.]